UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL R.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5001 TSZ

**ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the ALJ erred by finding fibromyalgia was not a medically determinable impairment, and by rejecting several medical opinions, his testimony, and several lay witnesses statements. Dkt. 11. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 46 years old, has a high school education, and has worked in floor waxing and patient transport. Dkt. 9, Admin. Record (AR) 444-45. Plaintiff applied for benefits in May 2013, alleging disability as of February 22, 2012. AR 65. Plaintiff's applications were

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

denied initially, on reconsideration, and in a December 2015 ALJ decision. AR 64, 93, 19-31. On appeal to this court, the case was remanded for further administrative proceedings based on the parties' stipulation. AR 500-03. While the appeal was pending, Plaintiff filed a subsequent application, which the Appeals Council consolidated for remand. AR 550. On remand, after the ALJ conducted a hearing in June 2018, the ALJ issued a decision in October 2018 finding Plaintiff not disabled. AR 456, 431-46.

## THE ALJ'S DECISION

Plaintiff's date last insured was December 31, 2017. AR 433. Using the five-step disability evaluation process,[1] the ALJ found that for the period from the February 2012 alleged onset date to the December 2017 date last insured:

**Step one:** Plaintiff did not engage in substantial gainful activity.

**Step two:** Plaintiff had the following severe impairments: degenerative joint disease of the left shoulder, affective disorder, attention deficit hyperactivity disorder with learning disorder, and anxiety.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff could perform light work, lifting and carrying 20 pounds occasionally and 10 pounds frequently, sitting six hours and standing and walking six hours per day. He could occasionally reach overhead bilaterally and could not be exposed to heights. Kneeling and crawling were unlimited, and he could occasionally climb, crouch, stoop, and balance. He could perform simple, repetitive tasks, have superficial contact, and work with supervisors and familiar coworkers.

**Step four:** Plaintiff could not perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff could have performed, he was not disabled.

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

AR 434-46. The Appeals Council did not assume jurisdiction, making the 2018 ALJ's decision the Commissioner's final decision.

**DISCUSSION**

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954, 957 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**A.      Fibromyalgia**

At step two, the ALJ found that fibromyalgia was not a medically determinable impairment. AR 434. Plaintiff contends this was error, and the error was harmful because absent the error the ALJ "could have credited" a lower lifting limitation and because the ALJ

failed to take into account Plaintiff's self-reported "symptoms of fatigue and low energy." Dkt. 11 at 5, 17.

Plaintiff's treating rheumatologist diagnosed fibromyalgia in 2014, and his providers continued to treat him for fibromyalgia throughout the relevant period. AR 373, 915, 825. Examining physician Khanh Nguyen, M.D., diagnosed fibromyalgia in July 2017, documenting "tenderness in [16 of 18] fibromyalgia trigger points." AR 834.

The ALJ adopted the reasoning of testifying medical expert Arthur Lorber, M.D., rejecting the fibromyalgia diagnosis because Dr. Nguyen did not state the amount of pressure used to elicit the tender points.[3] AR 434. Dr. Lorber, who reviewed the medical records from 2012 to 2017, testified that "the criteria specifically states [*sic*] that there must be an explanation of how much pressure was used to elicit the tender points." AR 465. It appears Dr. Lorber was referring to SSR 12-2p, issued by the Social Security Administration to provide guidance on evaluating fibromyalgia in disability claims. SSR 12-2p, 2012 WL 3104869 at *1 (S.S.A. July 25, 2012). "In testing the tender-point sites, the physician should perform digital palpation with an approximate force of 9 pounds (approximately the amount of pressure needed to blanch the thumbnail of the examiner)." *Id.* at *3. There is no requirement that the doctor expressly describe the approximate force used. And the ALJ had no basis to assume that Dr. Nguyen used the wrong amount of force. Dr. Nguyen is a qualified physician, who examined Plaintiff explicitly to evaluate his claim of fibromyalgia. *See* AR 831 (chief complaints include

---

[3] The ALJ also cited Dr. Lorber's reasoning that common fibromyalgia drugs had not been prescribed but he would still believe a fibromyalgia diagnosis was unsupported even if such drugs had been prescribed. AR 434. This purported "reason," therefore, is meaningless, in addition to being contradicted by the record. *See*, *e.g.*, AR 411 (Plaintiff's primary care doctor noted Plaintiff is "tolerating gabapentin" and discussed options for other common fibromyalgia drugs).

fibromyalgia). Just as an ALJ may not assume doctors routinely lie, an ALJ may not assume, without any evidence, that a doctor is incompetent. *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) (In the absence of "evidence of actual improprieties" an ALJ "may not assume that doctors routinely lie in order to help their patients collect disability benefits.").

The Court concludes substantial evidence did not support the ALJ's reasons for rejecting fibromyalgia as a medically determinable impairment. Because the ALJ found in Plaintiff's favor at step two, there is no harmful error at step two. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). As discussed below, however, the erroneous rejection was harmful at later steps, leading to erroneous rejection of evidence that may establish disability if properly evaluated.

**B.  Medical Opinions**

Where a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725.

**1.  Khanh Nguyen, M.D.**

Dr. Nguyen examined Plaintiff in July 2017 and diagnosed him with severe fibromyalgia and chronic back pain. AR 834. Dr. Nguyen opined, among other limitations, that Plaintiff could lift less than 10 pounds frequently due to back pain and fibromyalgia and that a cane was medically necessary for changing positions between lying, sitting, and standing. AR 835.

The ALJ gave Dr. Nguyen's opinions "very little weight" because the ALJ had rejected the fibromyalgia diagnosis at step two and because the opinions were inconsistent with Plaintiff's "minimal, conservative" treatment. AR 442. As discussed above, the ALJ erred in evaluating the fibromyalgia diagnosis. The second reason is also erroneous and is unsupported by substantial evidence. The ALJ did not explain how Plaintiff's treatment was minimal or conservative or how it undermined Dr. Nguyen's opinions. Plaintiff's doctors described extensive efforts to treat Plaintiff's fibromyalgia and other pain, including several medications, physical therapy, and injections. AR 936 ("Past Pain Treatments: Medication management for pain has included medications such as Vicodin, Voltaren, Motrin, gabapentin, Flexeril, and Effexor. Cymbalta and nortriptyline were not effective. Other treatments for pain have included physical therapy and injections."). These extensive efforts were largely ineffective. In May 2015, a provider told Plaintiff and his wife that "based on [Plaintiff's history of] failing many medication trials for fibromyalgia we are unlikely to find medications to be the solution he is looking for." AR 935. The ALJ did not explain how trying numerous medications, physical therapy, and injections was minimal or conservative or what less-conservative treatment Plaintiff should have tried. Even if Plaintiff's treatment were conservative, the ALJ did not explain how that would undermine Dr. Nguyen's opinions. An ALJ could, for example, reject a treating physician's opinion of disability if the doctor prescribed only conservative treatment, because the mild recommendation contradicts the extreme opinion. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming ALJ's rejection of doctor's opinion of total disability where doctor "prescribed a conservative course of treatment"). But there is no such contradiction here: Dr. Nguyen performed a single consultative examination at the Commissioner's request and it was not his role to make treatment recommendations. *See* AR 830. Although a reviewing court

"will not fault the agency merely for explaining its decision with less than ideal clarity, … we still demand that the agency set forth the reasoning behind its decision in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks omitted). The ALJ has not explained how Plaintiff's treatment history contradicts or undermines Dr. Nguyen's opinions.

The Commissioner contends that an ALJ may consider medical improvement and relatively normal objective clinical findings. Dkt. 12 at 9-10. The ALJ did not, however, offer these as reasons to discount Dr. Nguyen's opinions and the Commissioner's contention is thus an improper *post hoc* argument upon which the Court cannot rely. The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995). Moreover, the mild medical improvement cited does not show Plaintiff returned to a normal level of function or otherwise contradict Dr. Nguyen's opinions. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). And objective findings are of little assistance in evaluating fibromyalgia, which is diagnosed primarily by subjective symptoms. *See Revels*, 874 F.3d at 666.

Because neither reason the ALJ provided to discount Dr. Nguyen's opinions was specific and legitimate, the Court concludes the ALJ erred by discounting them. The error is harmful because the ALJ did not incorporate Dr. Nguyen's opined limitations into the RFC and thus may have relied at step five on jobs Plaintiff cannot perform. *See Hill v. Astrue*, 698 F.3d 1153, 1161-62 (9th Cir. 2012).

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7

## 2. Mark R. Colville, M.D.

In July 2012, less than five months after shoulder surgery, Plaintiff's surgeon Dr. Colville opined that Plaintiff was "capable of light sedentary type work," without repetitive overhead activity or lifting more than 10 pounds. AR 276. Seven months post-op, Dr. Colville opined that Plaintiff should "remain on light duty" for another six weeks until his next appointment. AR 277. When seen next in November 2012, Plaintiff was kept on "light duty" for another two weeks with a plan to "increase him back to full work duty activities if his shoulder pain continues to improve." AR 278. No further records from Dr. Colville's office are in the record. *See* AR Court Transcript Index, Dkt. 9 at 2-7.

Plaintiff argues the ALJ erred by giving these opinions "partial weight," accepting them through 2012 but not after. AR 441. The ALJ is responsible for resolving ambiguities in the record. *Andrews*, 53 F.3d at 1039. The ALJ's interpretation that Dr. Colville only opined limitations through 2012 was reasonable and must be upheld. *See Burch*, 400 F.3d at 680-81. Nothing in the opinions indicates that the impairments will last at least 12 months, as required under Social Security regulations. *See* 20 C.F.R. § 404.1505. In fact, the opinions are explicitly time limited. The ALJ gave full effect to these opinions, and thus Plaintiff has shown no error. *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one).

## 3. Jack M. Litman, Ph.D.

Dr. Litman performed a Psychological Diagnostic Evaluation in August 2017. AR 837. Dr. Litman recommended "appropriate psychotropic review and mental health treatment," opining that it would lead to "potential for him returning to work and becoming productive again." AR 843. However, "[a]t this point, he is seen as not able to work." AR 843. The ALJ

gave Dr. Litman's opinions "limited weight" because Plaintiff received minimal mental health treatment, specifically that he failed to attend counseling and pain classes as recommended, and because Dr. Litman did not provide specific vocational limitations. AR 442.

An ALJ need not accept a medical opinion that is "brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957. Dr. Litman noted that Plaintiff's "depression, malaise, low self-esteem, problems with worthlessness plus [somatically charged] pain … disinclines him from working" but did not explain how these conditions would interfere with work activities or otherwise support his conclusion that Plaintiff was unable to work. AR 843. Because Dr. Litman's report makes no express or even inferred connection between Plaintiff's conditions and specific vocational limitations, his opinion of total disability is unsupported. The ALJ did not err by rejecting Dr. Litman's disability opinion as conclusory.

Failure to attend recommended counseling and pain classes was an erroneous reason, however. An "unexplained, or inadequately explained, failure to follow a prescribed course of treatment" can be a valid reason to discount a *claimant's* testimony but, even if it can be a valid reason to discount a doctor's opinion, an ALJ must consider the claimant's proffered reasons. *Trevizo*, 871 F.3d at 679-80 (internal alterations omitted); *see Nguyen v. Chater*, 100 F.3d 1462, 1465 (claimant's failure to seek mental health treatment was insufficient to conclude examining doctor's "assessment of claimant's condition is inaccurate"). Here, Plaintiff consistently stated that bad experiences with therapy as a child made it difficult for him to try therapy again. AR 477, 55-56; *see also* AR 788, 840. The ALJ failed to address this reason. Moreover, counseling and pain classes were not prescribed but merely recommended. *See* AR 935. Failure to follow prescribed treatment was not a valid reason to discount Dr. Litman's opinions.

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 9

Inclusion of an erroneous reason was harmless, however, because the ALJ provided the specific and legitimate reason that Dr. Litman's opinions were conclusory and unsupported by clinical findings. *See Molina*, 674 F.3d at 1117 (error harmless if "inconsequential to the ultimate disability determination"); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (inclusion of erroneous reasons to discount claimant's testimony was harmless because "remaining valid reasons supporting the ALJ's determination are not 'relatively minor'"). The Court concludes the ALJ did not err by discounting Dr. Litman's opinions.

### 4. Tobias A. Ryan, Psy.D.

Psychologist Dr. Ryan examined Plaintiff in December 2013 and diagnosed him with unspecified depressive disorder and unspecified attention deficit/hyperactivity disorder. AR 334. Dr. Ryan opined that Plaintiff was mildly impaired in performing even simple tasks. AR 335. Plaintiff asserts the ALJ erroneously rejected this opinion, but does not explain how the error was harmful. Dkt. 11 at 13. Nothing in the record indicates that a mild impairment is disabling or requires limitations in the RFC. The ALJ was entitled to interpret the opined mild impairment as requiring no additional limitations in the RFC.

The ALJ gave "limited weight" to Dr. Ryan's opinion that Plaintiff had a "severely impaired ability to maintain a daily/weekly work schedule, due to chronic pain." AR 442, 335. The basis for Dr. Ryan's opinion is unclear because Dr. Ryan did not himself evaluate Plaintiff for chronic pain, but wrote "Deferred to Physician; Patient/Document reports Lateral Epicondylitis and chronic pain." AR 334. However, the ALJ did not question the basis for the opinion but rejected it as contradicted by clinical evidence. AR 442. None of the clinical evidence the ALJ cited, however, is relevant to evaluating Plaintiff's fibromyalgia pain. The

ALJ cited "lack of any severe abnormalities noted on diagnostic studies, [and] only minor side effects from the claimant's shoulder injury," but these are not relevant in evaluating pain from fibromyalgia, which is diagnosed primarily based on a patient's subjective symptoms. *See Revels*, 874 F.3d at 666. The ALJ also cited "a stable and not worsening condition," but whether a condition was stable or worsening has no relevance to determining its present severity. The ALJ cited "lack of more aggressive treatment," but Plaintiff engaged in extensive treatment to attempt to manage his chronic pain, most of which was unsuccessful, and the ALJ did not identify what more aggressive treatment Plaintiff should have tried. Finally, the ALJ cited "the failure to engage in recommend[ed] treatment," but failed to address Plaintiff's proffered reason for not attending therapy.

The ALJ rejected Dr. Ryan's opinion because Plaintiff "engag[ed] in a wide range of activities." AR 442. But the ALJ identified no activities whatsoever, and no activities carried on for a full day or week are apparent from the record.

The ALJ also rejected Dr. Ryan's opinion because Plaintiff's primary care provider documented normal behavior, judgment, insight, thought content and process, memory, and grooming. AR 442 (citing AR 427, 826). However, Dr. Ryan's opinion is based on chronic pain, not psychological abnormalities.

The Court concludes the ALJ erred by offering no specific and legitimate reason to discount Dr. Ryan's opinion that Plaintiff was severely impaired in maintaining a daily/weekly work schedule.

**5.  Bruce Eather, Ph.D., and John D. Gilbert, Ph.D.**

On Plaintiff's subsequent application, before it was consolidated for remand, state agency nonexamining doctors Eather and Gilbert opined that Plaintiff was "[m]oderately limited" in the

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 11

ability to respond appropriately to changes in the work setting, explaining that he "[c]an adapt to simple change." AR 582-83, 565. They also opined that Plaintiff was "[m]oderately limited" in the ability to accept instructions and respond appropriately to criticism from supervisors, and explained that he could interact "on specific work tasks with supervisors." AR 582, 565. The ALJ did not mention these opinions, which was error. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). Plaintiff argues the error is harmful because the ALJ failed to incorporate the opined limitations into the RFC. Dkt. 11 at 15-16. The RFC limits Plaintiff to "simple, repetitive tasks" and states he is "able to work with supervisors." AR 436. This sufficiently incorporates Dr. Eather's and Dr. Gilbert's opined limitations. If Plaintiff is limited to simple tasks, then any changes to his tasks must also be simple. And a limitation to interacting "on specific work tasks" is essentially redundant, because an RFC only addresses a claimant's ability to perform work tasks anyway. The ALJ was not required to include a meaningless restriction.

Although the ALJ erred by failing to address Dr. Eather's and Dr. Gilbert's opinions, the Court concludes the error was not harmful.

## C. Plaintiff's Testimony

Plaintiff reported that he could not lift, push, or pull with his left arm. AR 196. He could not stand for long periods of time. AR 198. He had difficulty putting on shirts and shoes. AR 197. Plaintiff testified that he could sit for half an hour before needing to stand up. AR 49. His hands were tingly and numb until about noon every day. AR 474-75. Fibromyalgia pain was throughout his body. AR 476. He could only focus for about 25 minutes. AR 481. About a week per month, he stayed in bed most of the day. AR 482. The only medication he took was Prozac, which reduced but did not eliminate suicidal thoughts. AR 469, 478. He had difficulty filling out a job application. AR 55. Plaintiff reported that he followed written instructions

poorly and spoken instructions even worse. AR 201. He could not work a full day without taking "lots of breaks." AR 484. Plaintiff acknowledged that his doctors had suggested counseling but testified that he "went through counseling as a child and [had] a really bad experience" that made it "very hard" to try counseling again. AR 477.

Because on remand the ALJ must reconsider the evidence of fibromyalgia, the ALJ should also reevaluate Plaintiff's testimony. The ALJ discounted Plaintiff's testimony as inconsistent with objective medical evidence, but objective tests are of limited value in assessing fibromyalgia. *See* AR 438. The ALJ also discounted Plaintiff's testimony because he did not attend recommended counseling, but the ALJ did not consider Plaintiff's proffered reason that traumatic counseling experiences as a child made it difficult for him to try counseling again. *See* AR 439, 440. Finally, the ALJ discounted Plaintiff's testimony for failure to seek more aggressive treatment, but did not address the extensive pain management treatments Plaintiff has already tried. *See* AR 438.

**D.     Lay Witnesses**

The ALJ gave "limited weight" to lay witness statements from Plaintiff's wife, father, and stepmother because "the medical records d[id] not support" their statements. AR 443-44. Because the ALJ must reconsider whether fibromyalgia is a severe impairment, the ALJ should also reevaluate these lay witness statements in light of the medical evidence on fibromyalgia.

**E.     Scope of Remand**

Plaintiff requests the Court remand for an award of benefits or, in the alternative, for further proceedings. Dkt. 11 at 18. Although the ALJ erred in evaluating fibromyalgia, the record as it stands does not mandate a finding that Plaintiff cannot work.

In general, the Court has "discretion to remand for further proceedings or to award benefits." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The Court may remand for benefits where (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ fails to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison*, 759 F.3d at 1020. The Court has flexibility, however, "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

Here, the Court finds that further proceedings would be useful. Although the ALJ provided erroneous reasons to reject Dr. Nguyen's fibromyalgia diagnosis, Dr. Nguyen's report by itself may not establish fibromyalgia for purposes of Social Security because it is unclear whether there was "[e]vidence that other disorders that could cause the symptoms or signs were excluded." SSR 12-2p, 2012 WL 3104869 at *3. Dr. Nguyen's report should be considered along with Plaintiff's treating providers' longitudinal records, and this evaluation should be done by the ALJ in the first instance. Enhancement of the record would be useful and, accordingly, remand for further proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reconsider fibromyalgia at step two, reevaluate the opinions of Dr. Nguyen and Dr. Ryan, reevaluate the statements of Plaintiff, his wife, his father, and his stepmother, reassess the RFC as needed, and proceed to step five as necessary.

DATED this 21st day of August, 2019.

Thomas S. Zilly
United States District Judge